OPINION
On March 25, 1997, the legal professional association of Moots, Cope and Stanton filed a lawsuit seeking payment of $85,474.86 in legal fees plus interest from their former client, James Triplett. Certified mail service was attempted at 104 West Main Street in Columbus, Ohio. The certified mail service was returned, marked "unclaimed." Next, regular mail service was attempted. Someone wrote "[p]lease return to sender!" on the envelope containing a copy of the legal papers, and the documents were returned to the Clerk of Courts for the Court of Common Pleas for Franklin County, Ohio.
The judge assigned to hear the case then journalized an entry threatening to dismiss the lawsuit for want of prosecution. Counsel for Moots, Cope and Stanton responded with a brief memorandum in which counsel indicated that he was attempting to ascertain the address for Mr. Triplett. At the same time, counsel filed an affidavit and praecipe seeking service by publication.
Pursuant to Civ.R. 44, the clerk of courts then issued service by publication. James Triplett responded with a motion entitled "Motion to Strike Publication Notice." Counsel for Moots, Cope and Stanton filed a memorandum contra the motion. Mr. Triplett filed a reply memorandum.
At the request of counsel for Moots, Cope and Stanton, the motion filed by Mr. Triplett was set for an oral hearing. The case was referred to a magistrate, and the hearing on the motion was set for February 11, 1998.
On February 10, 1998, Mr. Triplett filed a document entitled "Judicial Notice for Request for Court Reporter." He also filed a "Motion for a Protective Order" in which he requested that he be protected from being served the lawsuit if he appeared for the hearing on his previously filed motion.
On February 11, 1998, Mr. Triplett did not appear at the hearing on his motion. Counsel for Moots, Cope and Stanton presented evidence of their efforts to locate and serve Mr. Triplett, including the testimony of a person employed as a skip tracer. The magistrate found that Mr. Triplett was keeping himself concealed with the intention to delay or defraud his creditors. The magistrate recommended that Mr. Triplett's motion in regard to service by publication be overruled and that the trial court find good service to have been issued. The magistrate's decision was rendered on February 18, 1998, and a copy of the decision was sent to him at 104 West Main Street.
No objections to the magistrate's decision were filed, so the trial court overruled Mr. Triplett's motion regarding service by publication.
Next, counsel for Moots, Cope and Stanton filed a motion seeking default judgment because Mr. Triplett did not file an answer within the time required following the service by publication and following the trial court's ruling that valid service by publication had been obtained.
Mr. Triplett filed a reply to a motion seeking default judgment, listing an address for himself of 104 West Main Street in Columbus, Ohio. The trial court granted default judgment as to liability and set a hearing on damages for July 28, 1998 before a magistrate.
Mr. Triplett responded with a motion under Civ.R. 60(B), asking that the default judgment be set aside. The trial court temporarily set aside the default judgment to allow Mr. Triplett to file an additional memorandum contra the motion for default judgment and to allow time to review Mr. Triplett's earlier response to the default judgment motion which had not been considered previously.
Mr. Triplett then filed an additional memorandum contra the motion for default judgment. However, he also filed an answer and counterclaim without seeking or obtaining leave of court to do so.
Counsel for Moots, Cope and Stanton then filed a motion to strike the answer and counterclaim. The pending motions were again referred to a magistrate for hearing.
Mr. Triplett next filed a motion asking for a change of venue, alleging that he was at a disadvantage when pitted against a party consisting of lawyers who practiced regularly in the Franklin County courts.
On October 6, 1998, the magistrate assigned to the case rendered a magistrate's decision in which he found that default judgment should be granted. The trial judge ultimately adopted the magistrate's decision and referred the case back to a magistrate for a damages hearing.
The trial judge overruled Mr. Triplett's motion for change of venue. A hearing to determine damages was then set for January 12, 1999.
Mr. Triplett did not appear for the damages hearing. Evidence was presented, and the magistrate subsequently issued a magistrate's decision which awarded judgment in the sum of $132,476.12 and statutory interest from the date of judgment onward.
Next, Mr. Triplett filed a motion requesting that the magistrate be removed from the case. He filed a separate motion requesting an extension of the time for him to file objections to the magistrate's decision.
The trial judge refused Mr. Triplett's request to extend the time to file objections, informing him of the refusal in person. The trial judge also journalized her ruling.
Mr. Triplett next filed objections to the magistrate's decision. The trial court still adopted the magistrate's decision and granted judgment in the sum of $132,476.12 plus statutory interest. The judgment was journalized February 22, 1999.
On March 24, 1999, Mr. Triplett filed his notice of appeal to this court of appeals. He has assigned twelve errors for our consideration:
 1. Whether or not the trial court performed all her duties required by law before signing and entering the journal entry?
 2. Whether or not a trial court has jurisdiction of defendant when plaintiff submits a clear perjurious affidavit of not knowing the whereabouts of defendant, when in fact the plaintiff knows the whereabouts of defendant by his investigation of defendant's whereabouts?
 3. Whether or not it is contrary to public policy and the crime of usury to charge more than eight percent per annum on an employment contract between this plaintiff and this defendant?
 4. Whether or not the trial court erred when she denied defendant's motion for a change of venue based upon the trial court's inability to give defendant, a non attorney, a fair and impartial trial. (1) The defendant is not an attorney who regularly contributes money to the judges [sic] election or reelection. (2) And further defendant does not have voting powers to state whether the trial judge is doing a good or poor job. (3) And finally, defendant does not have the social connections of joining and maintaining clubs and associations that create and cause considerable influence before a trier.
 5. Whether or not the trial court erred by allowing defendant to file his answer and counterclaim, then later struck the answer and counterclaim?
 6. Whether or not the trial court erred by failing to rule upon a motion filed before the final judgment entry by defendant that defendant "had" and "has" physical and mental disabilities that requires [sic] a jury trial under the Ohio Revised Code 2307.15, Determination of insanity of a party.
 7. Whether or not the magistrate and judge erred by probably allowing attorney fees for plaintiff's attorney in addition to the usurious interest of 18% in an employment contract?
 8. Whether or not the defendant should, in the totality of all the circumstances, be entitled to equitable relief, since a careful reading of the file quite well shows that defendant has a complete and adequate and total defense to the IRS charge. And that the plaintiff attorney did not understand and comprehend the defense that defendant instructed plaintiff attorney to advocate and prove for him. And this poor judgment of ignorance directly caused defendant to be found guilty of taking exhaustion depreciation write off that defendant was by law entitled to take exhaustion depreciation tax deduction?
 9. Whether or not the trial judge erred by allowing a default judgment against defendant and not allowing this case to be tried upon its merits? By a trial court? By a jury?
 10. Whether or not the trial court erred by failing to join a new party defendant, named James Triplett, guardian at [sic] litem?
 11. Whether or not trial court erred by not allowing defendant excusable neglect defense on failing to answer complaint after court ruled on publication of service issue?
 12. Whether or not trial court allowed excessive amount of $132,000.00 for judgment?
We will address the assignments of error in the order presented in Mr. Triplett's corrected brief.
Judge Nodine Miller performed all her duties with diligence and admirable patience before granting judgment against Mr. Triplett. The first assignment of error is overruled.
The trial court clearly obtained jurisdiction over Mr. Triplett despite his attempts to avoid service of process. The service by publication was appropriate under the circumstances and the correct procedures were followed. The second assignment of error is overruled.
The interest allowed in the employment contract between Mr. Triplett and Moots, Cope and Stanton was neither illegal nor unconscionable. The third assignment of error is overruled.
Nothing in the record before us supports a finding that venue in Franklin County, Ohio, was inappropriate. No hint of prejudice against Mr. Triplett is present in the record before us. The fourth assignment of error is overruled.
The trial court never granted Mr. Triplett leave of court to file an answer and counterclaim. The trial court was clearly within its discretion to strike the answer and counterclaim filed months after the time allowed by the Ohio Rules of Civil Procedure. The fifth assignment of error is overruled.
Mr. Triplett demonstrated no sign of disability or mental illness in the trial court. His pleadings and his motion were cogent and clear. The trial court did not need to consider appointing a guardian ad litem before granting judgment. The sixth assignment of error is overruled.
As noted above, the apparent award of interest of eighteen percent was neither illegal nor unconscionable. The seventh assignment of error is overruled.
Mr. Triplett did not appear for the damages hearing. By his delay and evasions, he lost the opportunity provided to him to present evidence regarding potential affirmative defenses. The record before us shows nothing which would imply that he was less than well represented by Moots, Cope and Stanton. The eighth assignment of error is overruled.
Mr. Triplett did not file a timely answer to the complaint. Default judgment was appropriate. The ninth assignment of error is overruled.
As noted above, Mr. Triplett thinks and writes clearly and intelligently. He had no need in the trial court or before this appellate court for a guardian ad litem. The tenth assignment of error is overruled.
The record before us does not reflect the existence of excusable neglect. The delays evidenced in the record appear to be deliberate and calculated. Further, Mr. Triplett knew or should have known that service of process had been obtained upon him months before the hearing in which he attempted to avoid service by publication. He should have been prepared to file his answer and counterclaim immediately after the trial court's ruling.
The eleventh assignment of error is overruled.
The judgment granted corresponded with the findings of the magistrate and the evidence presented at hearing. The judgment was not excessive.
The twelfth assignment of error is overruled.
All twelve assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J, and KENNEDY, J., concur.